IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TIMOTHY WILLIAM HISER,

        Plaintiff,

vs.                                                      CIVIL NO. 97-1419 LH/LFG

BEATRICE RIVAS SANCHEZ, et al.,

        Defendants.

**<u>MEMORANDUM AND ORDER</u>**
**<u>RECOMMENDING DISMISSAL</u>**

THIS MATTER is before the Court *sua sponte*. On April 22, 1998, the Court issued an order directing Plaintiff, Timothy William Hiser ("Hiser"), to show cause why Rule 16 sanctions, including dismissal of his case with prejudice, should not be imposed. The order was issued as a result of Hiser's failure to comply with his obligations under Fed. R. Civ. P. 26, his failure to make initial disclosures, his failure to prepare or cooperate in the preparation of a provisional discovery plan and his failure to submit an Initial Pretrial Report. Further, Hiser failed to appear for a Court-ordered Rule 16 scheduling conference. Hiser was directed to file a written response and affidavit no later than May 4, 1998. Hiser ignored the Court's directive and failed to respond.

Hiser's conduct is sanctionable. The determination of the appropriate sanction is a fact-specific inquiry made by the Court. <u>Ehrenhaus v. Reynolds</u>, 965 F.2d 916 (10th Cir. 1992). The Court recognizes that dismissal of a party's lawsuit represents an extreme sanction and is appropriate only in cases of willful misconduct. <u>Id.</u>; <u>Meade v. Grubbs</u>, 841 F.2d 1512 (10th Cir. 1988). If a lesser sanction will deter the errant party from further misconduct, then a sanction other than

dismissal should be utilized. Because dismissal with prejudice defeats a litigant's right of access to the courts, it should be used only as a last resort.

Ehrenhaus v. Reynolds requires the Court to consider a number of factors prior to choosing dismissal as an appropriate sanction. Those factors include: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for non-compliance; and, (5) the efficacy of lesser sanctions. It is with these factors in mind that the Court determines the appropriateness of the sanction in this case.

## **Prejudice to Defendants**

Hiser failed to comply with his Rule 26 disclosure obligations as instructed by the Court. He failed to meet and confer, failed to cooperate in preparation of a provisional discovery plan or Initial Pretrial Report. Defendants are prejudiced by these failures. They are left to guess whether Hiser has any evidence to support his contentions. The prejudice to Defendants includes expense and delay. Because preliminary disclosures have not been made, Defendants are forced to spend more time and money in learning about the claims. They are required to proceed with more expensive discovery than would otherwise be necessary and, as a consequence, incur additional costs. They have been prejudiced as a result of preparing for the aborted Rule 16 conference. The delays caused by Hiser's failures to comply needlessly prolong this litigation. As a result, the goals of the Civil Justice Reform Act, 28 U.S.C. § 471 *et. seq.*, are thwarted. In the interim, a cloud of litigation hangs over Defendants' heads. The Court concludes that Defendants have indeed been prejudiced by Hiser's failures.

## **Interference With the Judicial Process**

Case management deadlines are imposed by the Court as a means of complying with congressional mandates under the Civil Justice Reform Act. This Act is intended, in part, to minimize delay and to advance the ultimate disposition of litigation. Case management deadlines expedite the disposition of cases and lessen the financial burdens implicit in litigation. Here, Hiser failed to comply with the Court's directives contained in the Court's Initial Scheduling Order. The Court's case management plan contemplated early Rule 16 conferences with counsel and parties so as to reduce the need for unnecessary discovery, resolve discovery disputes early, and to expedite the disposition of this case by assigning it to an appropriate case management track. Hiser's failure to comply with his obligations, with the rules of procedure and with the Court's orders interfered with the management of this case. Hiser's failures resulted in the Rule 16 conference being vacated. That, in and of itself, increases litigation costs. Hiser appears to believe that he is not bound by the Court's schedules and can disregard them. Indeed, has failed to perform any act which he was required to perform. The Court finds that Hiser's acts and omissions significantly interfere with the judicial process.

## **Culpability of the Litigant**

When the failure to comply with an obligation or court directive is the fault of a litigant's attorney, then the attorney is the appropriate party to suffer a sanction. In re Sanction of Baker, 744 F.2d 1438 (10th Cir. 1984); M.E.N. Co. v. Control Fluidics, Inc., 834 F.2d 869 (10th Cir. 1987). Here, Hiser represents himself. Thus, all failures to comply with obligations, rules of procedure and the Court's scheduling orders fall squarely on Hiser's shoulders.

## **Prior Warnings**

The Court next considers whether it gave a prior warning that the lawsuit may be dismissed. See, e.g., Willner v. University of Kansas, 848 F.2d 1023 (10th Cir. 1988), *cert. denied*, 488 U.S. 103 (1989).

The Court's April 22, 1998 Order to Show Cause states:

> The Court takes this opportunity to advise Hiser that in civil litigation, he is privileged to and, indeed, welcome to represent his own interests before the Court. He is, however, bound by the same rules of practice and procedure that apply to any licensed attorney. Hiser must comply fully with rules of practice and procedure and fully comply with all Court orders and directives. Failure to comply with the rules of procedure or failure to comply with Court orders and directives may result in imposition of sanctions, including dismissal of his case with prejudice. See, e.g., Ehrenhaus v. Reynolds, 965 F.2d 916 (10th Cir. 1992).

Thus, Hiser was previously warned that sanctions could include dismissal. Moreover, he was given an opportunity to explain why sanctions shouldn't be imposed. Ocelot Oil Corp. v. Sparrow Industries, 847 F.2d 1458 (10th Cir. 1988). Notwithstanding the Court's warning that sanctions, including dismissal, could be imposed for violation of Court orders, Hiser chose to ignore the Court's directive and failed to respond to the Order to Show Cause. The Court concludes that Hiser was appropriately warned of the potential consequences of his ongoing violations.

## **Efficacy of Lesser Sanctions**

Notwithstanding the Court's earlier warnings, Hiser continues to disregard his obligations under the rules of civil procedure, his obligations to opposing counsel and to this Court. Further, when the Court ordered Hiser to show cause why sanctions should not be imposed, he ignored the Court's directive, just as he ignored his other obligations under federal rules. Given his failures and

refusals to comply with Court directives, the Court has no optimism that he would comply with future directives if given a lesser sanction and afforded a further opportunity to litigate.

After consideration of the Ehrenhaus factors, the Court determines that the appropriate sanction is dismissal with prejudice. Accordingly, this matter is referred to the District Court with a recommendation that the lawsuit be dismissed with prejudice.[1]

*Lorenzo F. Garcia* (signature)
Lorenzo F. Garcia
United States Magistrate Judge

PLAINTIFF:
Timothy William Hiser, pro se

COUNSEL FOR DEFENDANTS:
Marilyn S. Hutton, Esq.

---

[1] Within ten days after a party is served with a copy of this memorandum and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such memorandum and recommendation. A party must file any objections within the time period allowed if that party wants to have appellate review of the recommendation. If no objections are filed, no appellate review will be allowed. For purposes of calculating time, the Court directs that Hiser has until June 4, 1998, to file objections.